**UNITED STATES of America, Plaintiff–Appellee/Cross–Appellant,**

v.

**Jack William TOCCO, Defendant–Appellant/Cross–Appellee.**

**Nos. 98–2312, 98–2426, 99–1003.**

United States Court of Appeals, Sixth Circuit.

March 16, 2000.

Before: WELLFORD, NELSON, and GILMAN, Circuit Judges.

### ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes as follows. We address herein defendant Tocco's motion to join in co-defendant Paul Corrado's motion to unseal material with respect to alleged jury tampering, as well as his motion for rehearing. We have previously denied Corrado's motion, but permitted him to pursue the matter before

the panel hearing his separate appeal in case No. 98–2269. That appeal is now pending.

Shortly before oral argument in Tocco's appeal, Tocco filed a brief motion to join in Corrado's said motion. After we issued our opinion affirming Tocco's conviction and remanding for further sentencing, Tocco filed a petition to rehear by this panel and for a rehearing *en banc.* In Tocco's petition for rehearing, he alleged that the panel opinion affirming his conviction had failed to address the alleged jury tampering issue. In this petition, Tocco asserted that he had addressed this issue in his appeal, but also asserted that "developments had occurred concerning the jury tampering allegation" after he had filed his brief. At our request, the government has responded to this petition, including the motion to unseal effort.

The events that brought about Corrado's motion occurred in April of 1998, long before Tocco filed his briefs with this court on his appeal. The principal brief was filed on March 22, 1999, and his rebuttal brief was filed on April 13, 1999. Corrado's case was tried before an anonymous jury so far as the public was concerned. Apparently, Corrado assisted the government in the investigation of Hassan Shabazz, who in November of 1998 pled guilty to attempting to obstruct justice in connection with his communication with an alternate juror in the Corrado trial in an effort to bring about a verdict for the defendants.

The district court has denied Corrado's motion to unseal his own consensual tape recordings, and his motion for a new trial with respect to the alleged jury tampering episode. Tocco's attorney was advised of the district court's proposed actions at the time these matters came to the court's attention, and he was allowed to hear tapes of recorded conversations between Corrado and Shabazz. No written objection was made to the district court's treatment of the issue.

Tocco's belated motion before us was clearly untimely. He waived his objection by failing promptly to take action to bring his claim of prejudice before the district court or before this court. Tocco's appellate brief, furthermore, did not raise the jury tampering issue among some twenty issues and alleged errors he did discuss. His only reference was indirect and mentioned only by way of a footnote (No. 34). Tocco claimed no prejudice in that sole reference. *See Becherer v. Merrill, Lynch, et al.,* 43 F.3d 1054, 1058 (6th Cir.1995) (holding that issues raised in footnote only, and not in the statement of the issues or the argument sections of the brief, are not considered to have been properly raised before the court). We do not address this issue in any further detail except to state that Corrado's motion was not heretofore deemed meritorious. Corrado, who has properly raised this alleged jury tampering issue, may argue it before another panel of this court. In any event, we are not persuaded that Tocco's belated motion to join in Corrado's prior motion at this time has merit, and we leave Corrado's argument and motion to the panel considering his appeal.

We have considered carefully all of the issues raised by defendant Tocco in his petition for rehearing filed with this panel which issued the prior opinion reported at 200 F.3d 401 (6th Cir.2000). We find the petition unpersuasive and without merit. Accordingly, we **DENY** both Tocco's motion to join in Corrado's motion to unseal documents and his petition to rehear.